UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Teresa Mebane Prince,           )    Case No. 06-10328C-7G
                                )
        Debtor.                 )
                                )

OPINION AND ORDER

This post-BAPCPA Chapter 7 case came before the court on October 17, 2006, for hearing upon the Bankruptcy Administrator's motion to dismiss this case pursuant to section 707(b)(1) on the ground that granting the Debtor relief would be an abuse of the provisions of Chapter 7. The only issue to be resolved at this time is whether the presumption of abuse described in section 707(b)(2)(A)(i) arises in this case.[1]

The Debtor filed her Chapter 7 petition on March 29, 2006, listing debts which the parties agree are primarily consumer debts. Because the annualized current monthly income of the Debtor and her spouse exceeds the applicable median family income, the Debtor is subject to the means test provisions of section 707(b)(2).[2]

---

[1] Section 707(b)(2), commonly referred to as the means test, requires a court to "presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) and multiplied by 60 is not less than the lesser of (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or (II) $10,000." 11 U.S.C. § 707(b)(2)(A)(i).

[2] Under section 707(b)(7)(A), there is a so-called "safe harbor" from the means test if, as of the date of the order for relief, the combined current monthly income of the debtor and the debtor's spouse, when multiplied by 12, is equal to or less than

The particular matter at issue is the proper methodology for determining the Debtor's monthly expenses in the application of the means test. This is a matter that is controlled by section 707(b)(2)(A)(ii)(I) which, in pertinent part, provides:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards . . . issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case. . . .[3]

11 U.S.C. § 707(b)(2)(A)(ii)(I).

The National Standards and Local Standards referred to in section 707(b)(2)(A)(ii)(I) are products of the Internal Revenue Service. These standards are used by the IRS in determining a taxpayer's ability to pay delinquent taxes. The National Standards provide an allowance or deduction for five necessary expenses: food, housekeeping supplies, apparel and services, personal care products and services and miscellaneous.[4] The Local Standards establish

---

median family income for a family the size of the debtor's family. It is undisputed that the "safe harbor" is not available to the Debtor in this case since the annualized current monthly income of the Debtor and her spouse is above the median family income in North Carolina for a family the size of the Debtor's family.

[3]Because no actual monthly expenses specified as Other Necessary Expenses are at issue in this case, the portion of section 707(b)(2)(A)(ii)(I) that reads "and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses" has been omitted.

[4]Internal Revenue Manual, § 5.15.1.8 (May 1, 2004).

allowances for housing and transportation expenses.[5] The transportation allowance provided under the Local Standards consists of an operating allowance and an ownership allowance for up to two vehicles owned by a debtor.[6]

In this case, the Debtor claimed the ownership allowance on her B22A with respect to two vehicles owned by the Debtor and her spouse that are debt free. The Bankruptcy Administrator contends that these deductions are improper. Without the two contested deductions, the disposable income for sixty months on line 51 of the B22A exceeds the amount that triggers the presumption of abuse under section 707(b)(2). If the Debtor is permitted to take the disputed ownership allowances, the sixty-month disposable income for the Debtor and her spouse on line 51 of the B22A is below the amount that triggers the presumption of abuse under section 707(b)(2). This case thus presents an issue regarding the manner in which the Local Standards should be utilized in applying the means test. Specifically, the issue presented is whether a debtor may claim the ownership allowance under the Local Standards if the debtor's vehicle is debt free.

The cases are divided on the issue. A number of courts have concluded that a debtor may not claim an ownership allowance under the Local Standards if the debtor's vehicle is debt free. E.g., In

---

[5]Internal Revenue Manual, § 5.15.1.9 (May 1, 2004).

[6]Internal Revenue Manual, § 5.15.1.7 (May 1, 2004).

re Harris, No. 05-87033, 2006 WL 2933891 (Bankr. E.D. Okla. Oct. 13, 2006); In re Oliver, 350 B.R. 294 (Bankr. W.D. Tex. 2006); In re McGuire, 342 B.R. 608 (Bankr. W.D. Mo. 2006); In re Hardacre, 338 B.R. 718 (Bankr. N.D. Tex. 2006). Most of these courts rely upon § 5.15.1.7 of the Internal Revenue Manual. E.g., McGuire, 342 B.R. at 613 ("'If a taxpayer has no car payment only the operating cost portion of the transportation standard is used to figure the allowable transportation expense.'")(quoting Internal Revenue Manual, § 5.15.1.7 (4)(b) (May 1, 2004)). This reliance on the Internal Revenue Manual is based upon the language in section 707(b)(2)(A)(ii)(I) that says the debtor's monthly expenses shall be the "applicable" monthly expense amounts specified under the Local Standards, and the conclusion that the Internal Revenue Manual should be consulted in determining the "applicable" expense amounts.

Other courts have concluded that the ownership portion of the Local Standards for transportation may be deducted on the B22A without regard to whether the debtor's automobile is debt free. E.g., In re Hartwick, No. 06-31241, 2006 WL 2938700 (Bankr. D. Minn. Oct. 13, 2006); In re Fowler, 349 B.R. 414 (Bankr. D. Del. 2006). These courts read the mandate in section 707(b)(2)(A)(ii)(I) that debtor's monthly expenses "shall be" the monthly expense amounts specified under the National Standards and the Local Standards as adopting the amounts specified in the Standards as fixed allowances for the debtor rather than such amounts being a cap on the amount

- 4 -

of the available deduction. Under these decisions, the language in section 707(b)(2)(A)(ii)(I) that says that the debtor's monthly expenses shall be the "applicable" monthly expense amounts specified under the National Standards and Local Standards refers to criteria contained in the Standards for determining which of the allowances specified in the Standards are applicable to the debtor, such as whether the debtor owns a vehicle, whether the debtor has one or two automobiles, the geographical region in which the debtor resides or which of the various amounts listed under the National Standards are applicable to the debtor based upon the debtor's income and household size.

This court is convinced that the decisions allowing the ownership portion of the Local Standards for transportation even if the owned vehicle is debt free are based upon a correct interpretation and application of section 707(b)(2)(A)(ii)(I) and should be followed in this case. The relevant language of section 707(b)(2)(A)(ii)(I), in specifying the methodology for determining a debtor's expenses under that provision, refers only to the "National Standards" and the "Local Standards" and does not refer to or purport to include the numerous rules and practices specified throughout the Internal Revenue Manual. Specifically, section 707(b)(2)(A)(ii)(I) provides that the debtor's monthly expenses "shall be" the applicable monthly expense amounts "specified under the National Standards and Local Standards. . . ." The National and

Local Standards are published as separate and distinct tables that itemize the allowances that have been established by the IRS as standards.[7] If this statutory language is given its plain meaning, the expenses that are mandated as the debtor's monthly expenses are the standard amounts that are applicable to the debtor in accordance with the tables issued by the IRS as the National and Local Standards.

The tables that constitute the Local Standards contain no reference to monthly loan or lease payments and do not condition the standard ownership allowances upon the existence of such payments.

---

[7]The National and Local Standards are described in § 5.15.1.1.5 of the Internal Revenue Manual:

> National and local standards are guidelines established by the Service to provide consistency in certain expense allowances such as groceries and household expenses, housing and transportation. References to these standards will be found throughout this section. Exhibit 5.15.1-2 provide instructions for on-line access to <u>the actual standards</u> for the income levels and locales.

Internal Revenue Manual, § 5.15.1.1.5 (May 1, 2004)(emphasis added).

The instructions contained in Exhibit 5.15.1-2 provide on-line access to the various IRS tables which set forth the amounts that are allowable as standard expenses under the National Standards and the Local Standards, including the amounts allowable as standard transportation expenses. As indicated in § 5.15.1.1.5, the "actual standards" are the amounts set forth in the IRS tables. (Exhibit 5.15.1-2 (05-01-2004) provides instructions for on-line access to "Allowable Expense Tables (Collection Expense Standards)" as follows: 1. Enter <u>http://www.irs.gov/</u> ; 2. Under Contents click on Individuals; and 3. Click on Collection Financial Standards.).

Such a requirement is found only in guidelines contained in the Internal Revenue Manual. Such guidelines are intended to provide guidance for utilizing the National and Local Standards in the manner in which the standards are used by the IRS, which is entirely different from the manner in which the standards are used in section 707(b)(2)(A)(ii)(I). The IRS uses the standards as a cap in which the taxpayer is allowed the lesser of the standard allowance or the taxpayer's actual expense.[8] Section 707(b)(2) does not limit the debtor's deduction to the lesser of the standard allowance or the debtor's actual expenses. For example, the debtor may deduct the entire amount allowed under the National Standards without regard to the amount of the debtor's actual expenses for the categories of expenses covered by the National Standards. In fact, under the B22A and all of the decisions involving the ownership portion of the transportation standard, a debtor with a car payment that is less than the standard ownership allowance in effect is allowed to take the higher standard deduction since the debtor is permitted to deduct the difference between the standard allowance and the actual debt payment. This is entirely different from the manner in which the IRS utilizes the standard ownership allowance. Therefore, there would seem to be no justification for using the guidelines from the

---

[8]Section 5.15.1.7 of the Internal Revenue Manual states: "Taxpayers will be allowed the local standard or the amount actually paid, <u>whichever is less</u>." Internal Revenue Manual, § 5.15.1.7 (May 1, 2004)(Emphasis added).

Internal Revenue Manual in applying the standards under section 707(b)(2). In addition, the use of IRS guidelines produces an anomalous result: a debtor with a $1.00 car payment is permitted to claim the entire ownership allowance, while a debtor with no car payment may not claim any ownership allowance.

Apart from the plain meaning of the statutory language, it appears that the reference to the National and Local Standards in section 707(b)(2)(A)(ii)(I) was intended to provide a set of standard allowances that could be easily and uniformly applied by the courts in administering the means test. To read section 707(b)(2)(A)(ii)(I) as permitting the courts to comb through the Internal Revenue Manual in order to pick and choose provisions to apply in a given case injects great uncertainty into the process of determining a debtor's expenses for purposes of the means test. For example, § 5.15.1.1.6, in discussing the National and Local Standards, states that "[i]n some cases, based on a taxpayer's individual facts and circumstances, it may be appropriate to deviate from the standard amount when failure to do so will cause the taxpayer economic hardship."[9]  Having such broad discretion to disregard the standards arguably is tantamount to having no standards at all and would seem to undermine entirely the purpose behind incorporating the National and Local Standards into the means test in the first instance.

---

[9]Internal Revenue Manual, § 5.15.1.1.6 (May 1, 2006).

For the foregoing reasons, the court concludes that the presumption of abuse under section 707(b)(2) does not arise in this case. A further hearing shall be scheduled for a determination in accordance with section 707(b)(3) as to whether this case should be dismissed pursuant to section 707(b)(1).

IT IS SO ORDERED.

This 30th day of November, 2006.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Teresa Mebane Prince
3921 Blumenthal Road
Greensboro, NC 27406

Stephen D. Ling, Esq.
706 Green Valley Road, Suite 505
Greensboro, NC 27408-7023

Michael D. West, Bankruptcy Administrator

Charles M. Ivey, III, Trustee